IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CALLISTER NEBEKER & McCULLOUGH, a Utah Professional Corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:14-cv-00919-TC-DBP<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |
| UNITED STATES OF AMERICA,<br><br>              Counterclaimant,<br><br>v.<br><br>CALLISTER NEBEKER & McCULLOUGH<br><br>            Counterclaim-Defendant. | |

## **INTRODUCTION**

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 40.) Callister Nebeker & McCullough ("Plaintiff") brought this suit against the United States of America ("Defendant") to challenge certain penalties levied by the Internal Revenue Service ("IRS"). Presently before the court is Defendant's motion seeking relief from the District of Utah's Standard Protective Order ("Standard Protective Order"). (ECF No. 37.) The motion is now fully briefed. (*See id.*; ECF Nos. 42, 44.) The court finds that oral argument is not warranted here. *See* D.U. Civ. R. 7-1(f).

## BACKGROUND

The parties first discussed the District of Utah's Standard Protective Order in October 2015. (*See* ECF No. 42 at 5–6.) Counsel for Defendant indicated that the Standard Protective Order created administrative problems and appeared to prohibit referrals of potential violations uncovered during discovery to other government agencies. (*Id.*; ECF No. 37 at 3.) On October 22, 2015, Defendant sent a proposed revised version of the Standard Protective Order to counsel for Plaintiff. (ECF No. 42 at 6.) Six days later, counsel for Plaintiff responded that they were "still reviewing those changes." (*Id.* at 7.) Plaintiff's counsel never provided any further response to the proposed changes. Instead, in late 2015 Plaintiff made its initial disclosures and in early 2016 produced documents in response to discovery requests. (*Id.* at 7.) Plaintiff marked much of its document production as "Confidential – Subject to Protective Order." (*Id.*) Defendant did not believe the Standard Protective Order should apply to the production. The parties conferred twice in February to attempt to resolve the dispute over confidentiality, but their attempts were unsuccessful. (*Id.* at 9–10.) Defendant then filed the instant motion.

## ANALYSIS

### I. Defendant is entitled to relief from the Standard Protective Order.

#### a. The Standard Protective Order applies in this and all cases filed in the District of Utah

Defendant suggests that Plaintiff has not demonstrated good cause for entering the Standard Protective Order. (ECF No. 37 at 9.) Defendant also suggests "no protective order has actually been entered on the docket of this case . . . ." (*Id.* at 14.) These statements appear to misapprehend District of Utah Civil Rule 26-2 ("Rule 26-2"). The District of Utah concluded that good cause exists in all cases to justify entry of the Standard Protective Order. *See* D.U. Civ. R. 26-2. The rule further states that the Standard Protective Order is "effective by virtue of this

rule and need not be entered in the docket of the specific case." *Id.* Thus, Defendant's suggestion that Plaintiff must demonstrate good cause to justify the Standard Protective Order seeks to impose a burden on Plaintiff that does not exist. Likewise, Defendant's suggestion that it should not have to modify the Standard Protective Order comes dangerously close to suggesting that the United States may ignore Rule 26-2. (ECF No. 44 at 4–5.) This is not true. That rule governs regardless of the identity of the litigants. The Standard Protective Order is in effect in this case.

Nonetheless, the rule contains a safety valve: "Any party or person who believes that substantive rights are being impacted by application of the rule may immediately seek relief." D.U. Civ. R. 26-2(a)(2). Here, Defendant claims that its rights are impacted because the government may ordinarily share information with various law enforcement agencies, the IRS, and within the Department of Justice. (ECF No. 37 at 12.) Likewise, Defendant points out that counsel is statutorily required to make a written report of revenue law violations. (*Id.* (citing 26 U.S.C. § 7214(a)(8).) The Standard Protective Order prohibits these otherwise permissible disclosures. Thus, Defendant is prohibited by the Standard Protective Order from complying with statutory obligations, and Department of Justice procedure. Plaintiff does not appear to assert that the Standard Protective Order does not impact Defendant's substantive rights. Thus, Defendant is entitled to relief from the Standard Protective Order.

### b. Defendant immediately sought relief

Plaintiff does claim, however, that Defendant failed to "immediately seek relief" by not seeking modification of the Standard Protective Order "before discovery began." (ECF No 42. At 11.) Plaintiff is not correct. First, this appears to suggest the Standard Protective Order should have been challenged before it impacted this case. As Defendant points out, discovery was not conducted prior to October 2015 because Plaintiff's motion for judgement on the pleadings was

pending. (*See* ECF No. 33.) The court encourages the parties to address these issues as soon as possible, but there is no need to address a hypothetical challenge to a protective order before discovery begins. Indeed, such challenges may be denied as not ripe.

Next, in this case, Defendant immediately sought relief by conferring with Plaintiff in October 2015, prior to production, but Plaintiff did not fully participate in this process. Instead, Plaintiff's counsel indicated on October 28, 2015, "[a]s to the changes you have suggested to the Standard Protective Order, we are still reviewing those changes." (ECF No. 42 at 6–7.) Plaintiff never provided any further response. Defendant was required to pursue an informal resolution before filing any motion. *See* D.U. Civ. R. 37-1(a)(1). The meet-and-confer obligation is not an arbitrary procedural hurdle. Cooperation of litigants is essential to efficient court operation. Thus, Defendant timely sought relief from the Standard Protective Order.[1]

## II. Form of relief

### a. The court will suspend application of Rule 26-2 to this case and order return or destruction of disclosures and discovery

The court will not modify the Standard Protective Order. As Defendant points out, a party seeking protection has the burden of demonstrating good cause under Federal Rule of Civil Procedure 26 ("Rule 26"). (ECF No. 37 at 9; *see* Fed. R. Civ. P. 26(c).)Yet, parties seeking modification of a protective order likewise bear a burden to demonstrate good cause for the amendment (and sometimes carry an even heavier burden). *See, e.g.*, *Brigham Young Univ. v. Pfizer, Inc.*, 281 F.R.D. 507, 510 (D. Utah 2012) (good cause) *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272-73 (10th Cir. 2010) (unusual or extraordinary circumstances). Thus, entertaining Defendant's motion to modify the scheduling order would

---

[1] This is not to say that Defendant performed perfectly here. This dispute could have been more quickly resolved if Defendant had pursued efforts to amend the Standard Protective Order more diligently with counsel and, if necessary, the court.

upset the burdens set forth in Rule 26. This burden-shifting has material implications in this case. *Compare Merrill*, 600 F.3d 1262, 1273 (10th Cir. 2010) (suggesting that a law-enforcement interest is insufficient to retroactively modify a protective order), *with U.S. S.E.C. v. AA Capital Partners, Inc.*, No. 06-51049, 2009 WL 3735880, at *3 (E.D. Mich. Nov. 3, 2009) (finding that absent a showing of good cause, the moving party was not entitled to a protective order that prohibited the Securities and Exchange Commission from sharing civil discovery materials with law enforcement); *and United States v. Elsass*, No. 10-CV-336, 2011 WL 335957, at *5 (S.D. Ohio Jan. 31, 2011) ("Indeed, as the United States points out, the issuance of a protective order as requested by Defendants would be unprecedented, would restrict to an unwarranted degree the ability of the Government to enforce the laws and would improperly shift to the Government the burden in connection with the issuance of a protective order.") Rule 26-2 was not intended to shift the burden set by Rule 26. In fact, if the court allowed Rule 26-2 to operate in such a way, it would conflict with Rule 26. This District's Local Rules must ultimately yield to the Federal Rules of Civil Procedure. For these same reasons, the court finds that Defendant has rebutted the presumption of good cause stated in Rule 26-2 in the context of this case. Accordingly, rather than examine the proposed amendment in light of Rule 26-2, the court finds the most orderly solution is to suspend operation of the Standard Protective Order in this case and allow the parties to litigate this case without the unique issues posed here by Rule 26-2.

It is possible that some amended protective order might be appropriate, but it is up to the parties, by stipulation or motion, to identify the appropriate terms of that order. They must do this under Federal Rule of Civil Procedure 26. The court will not use the parties' briefing on the present matter because the parties did not appear to be aware of their relative burdens in putting together the new order. This is understandable in light of Rule 26-2's operation in this particular

case. The parties deserve an opportunity to discuss a possible stipulated order or, if necessary, brief the issues related to any proposed protective order with a clear understanding of the legal landscape. Here, that landscape will not include Rule 26-2.

Thus, based on the impact to Defendant's substantive rights, the court will grant Defendant relief. Rather than modify the Standard Protective Order, however, the court will suspend application of District of Utah Civil Rule 26-2 in the present matter.

### b.  Prejudice to Plaintiff

The court recognizes there will be two forms of prejudice to Plaintiff. First, Plaintiff relied on the Standard Protective Order. Ordinarily, reliance on the court's Standard Protective Order is reasonable. Yet, such reliance is unreasonable where, as here, an opponent raises an objection to the order and attempts to resolve the issue as required by District of Utah Civil Rule 37-1. Likewise, given that Rule 26-2 has a specific provision for providing relief where substantive rights are affected; a party is not entitled to assume that the Standard Protective Order is etched in stone, never to be modified. The Standard Protective Order may be modified in circumstances where, as here, it affects a party's substantive rights. Nonetheless, to ameliorate the reliance prejudice to Plaintiff, the court accepts Defendant's offer to return Plaintiff's production made under the Standard Protective Order. (*See* ECF No. 37 at 14.) Defendant must likewise destroy all copies it has made of this production. The court will further extend this requirement to initial disclosures. The court notes that certain categories of documents may have been disclosed on the assumption that the Standard Protective Order applied to those documents. Thus, these will also need to be returned and all copies destroyed.

Second, Plaintiff will be prejudiced because discovery costs will increase based on what will likely be repetitive production. Plaintiff may avoid such duplication in the future by fully

participating in the meet-and-confer process, or seeking court intervention, prior to production. Here, Plaintiff does not suggest that its counsel followed up with the October 28 email regarding modification. Instead, Plaintiff proceeded with discovery, knowing that the parties had on ongoing dispute regarding the Standard Protective Order. Thus, this harm to Plaintiff is self inflicted, at least in part.

## ORDER

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's "Motion for Relief from Standard Protective Order and Entry of Modified Protective Order." (ECF No. 37.)

The court SUSPENDS application of District of Utah Civil Rule 26-2 in the present matter only;

The court FURTHER ORDERS Defendant to return all disclosures and discovery provided pursuant to the Standard Protective Order and to destroy all copies it has made of any such materials. The parties must serve revised initial disclosures no later than April 22, 2016. Likewise, Plaintiff must prepare its amended response to Defendant's discovery requests no later than April 22, 2016.

IT IS SO ORDERED.

Dated this 18th day of March, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge